# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50344

| | | |
|---|---|---|
| **In the Interest of: Jane Doe I, A Child Under Eighteen (18) Years of Age.** | ) | |
| **STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE,** | ) ) | |
| | ) | **Filed: March 1, 2023** |
| **Petitioner-Respondent,** | ) ) | **Melanie Gagnepain, Clerk** |
| **v.** | ) ) | **THIS IS AN UNPUBLISHED** |
| **JANE DOE (2022-46),** | ) ) | **OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| **Respondent-Appellant.** | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Anthony R. Geddes, Public Defender; Joshua D. Mills, Deputy Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the minor child in this action. The child was placed into the custody of the Department of Health and Welfare (Department) after a shelter care hearing. The magistrate court ordered case plans for Doe and the father as part of reunification efforts.

Subsequently, the Department filed a petition to terminate Doe's parental rights. After a trial, the magistrate court found clear and convincing evidence that Doe neglected the minor child

1

and that termination of Doe's parental rights is in the child's best interests and as a result, the magistrate court terminated Doe's parental rights.[1]  Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child.  *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002).  This interest is protected by the Fourteenth Amendment to the United States Constitution.  *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).  Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved.  Idaho Code § 16-2001(2).  Therefore, the requisites of due process must be met when terminating the parent-child relationship.  *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006).  Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence.  *Id*.  Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence.  *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion.  *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009).  The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated.  *Id*.  The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required.  *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006).  Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain.  *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006).  Further, the magistrate court's decision must be supported by objectively supportable grounds.  *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

---

[1]    The magistrate court also terminated the father's parental rights to the child.  That decision is not at issue in this appeal.

2

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Doe challenges the magistrate court's judgment terminating her parental rights. Doe does not argue the magistrate court erred in finding a statutory basis for terminating Doe's parental rights. Doe only argues that the magistrate court erred in determining that termination is in the best interests of the child.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court determined that terminating Doe's parental rights is in the child's best interests. The magistrate court found that violence is common in Doe's home when she abuses alcohol, and it is in the child's best interests to be physically safe. Doe does not acknowledge the depth of her alcohol addiction and does not engage in substantial, on-going treatment. Doe failed to comply with her case plan task which required her to submit to regular urinalysis testing. The urinalysis records showed most tests as "no shows," several positive test results, and only a handful of negative results. Additionally, Doe does not acknowledge the depth of trauma she has

3

experienced or the relationship between her trauma and addiction, which contributes to the risk to the child. The magistrate court found little indication that Doe's behavior will change because Doe failed to complete any consistent mental health treatment for a period of sixteen months. The magistrate court also found that, even though the child's father obtained separate housing, Doe and the father continue to be entwined and involved in domestic violence. As a result, the magistrate court found that Doe poses a physical danger to the child, and it is in the child's best interests to sever the relationship.

Doe argues that the magistrate court improperly focused its analysis on findings in prior cases terminating her parental rights to her older children. However, the magistrate court was not required to ignore Doe's past and found that Doe's conduct and circumstances had not materially changed over the course of time. Doe asserts that she has participated in visits and has maintained appropriate housing. While this may be true to some extent, Doe's inability to keep the child safe and her ongoing addiction and mental health problems support the magistrate court's determination that termination is in the best interests of the child. Doe further argues that there is no other person who can give the child the unconditional love that she deserves. Love does not always translate into the ability to discharge parental responsibilities and Doe's love does not override the court's finding that terminating Doe's parental rights was in her child's best interests. *Idaho Dep't of Health & Welfare v. Doe*, 149 Idaho 165, 171, 233 P.3d 96, 102 (2010).

Substantial and competent evidence supports the magistrate court's findings and the conclusion that termination of Doe's parental rights is in the best interests of the child. Doe does not challenge the accuracy of the magistrate court's factual findings and fails to provide any legal authority showing that the magistrate court's legal conclusions are erroneous. As a result, Doe has failed to show error in the magistrate court's determination that terminating her parental rights is in the best interests of the child.

## IV.

## CONCLUSION

Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

4